UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT &
SAFETY FUNDS OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL
15, 15A, 15C & 15D, AFL-CIO, BY THEIR
TRUSTEES JAMES T. CALLAHAN, FRANCIS P.
DIMENNA, DANIEL J. SCHNEIDER and JOHN
BRUNETTI,

          Plaintiffs,

   -against-

A.G. CONSTRUCTION CORP.

          Defendants.
------------------------------------------------------------------ x

**MEMORANDUM &
ORDER**

13-CV-3590 (ENV) (SMG)

VITALIANO, D.J.

  Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15 Trust Funds") by their trustees, brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") to recover contributions allegedly owed by defendant A.G. Construction Corp. ("AG") to employee fringe benefit trust funds, as well as damages for breach of the terms and conditions of a collective bargaining agreement. In an order issued September 13, 2013, the Court granted plaintiffs' motion for default judgment against AG, and referred the matter to Chief Magistrate Judge Steven Gold for an inquest on damages. Judge Gold's Report and



1

Recommendation on damages (the "Inquest R&R") issued on December 5, 2013, with objections due by December 23, 2013. No objections have been filed.

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Where, as here, no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

With no objections having been filed, after careful review of the record, the Court finds the Inquest R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the Inquest R&R in its entirety as the opinion of the Court. Judgment shall enter in favor of plaintiffs and against AG as follows:

(i)     $5636.00 in delinquent contributions;

(ii)    $2956.25 in attorney's fees and costs; and

(iii)   $2261.00 in audit costs.

In addition, the Clerk of Court shall calculate interest on the delinquent contributions at the time final judgment is entered, and plaintiffs shall be awarded:

(i)     interest on the $5636.00 delinquency at a rate of 4.25% per annum ($0.66 per

2

day) beginning July 15, 2009;

(ii) statutory damages in the amount of interest on unpaid contributions, as calculated in (i); and

(iii) an audit of defendant's books and records, at defendant's cost, for the period of July 1, 2011 to the date of judgment.

The Clerk of Court is directed to calculate the interest as set out above, enter judgment, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 28, 2014

/S/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge

3